IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| YVONNE LITTERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-3351 |
| ) | |
| STATE RETIREMENT SYSTEM OF ) | |
| ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Defendant State Retirement System of Illinois' Motion for Judgment on the Pleadings (Motion) (d/e 12). For the reasons that follow, the Motion is granted because the Complaint and Amended Complaint fail to state a claim.

I. BACKGROUND

On September 19, 2011, Plaintiff, proceeding pro se, filed a document which this Court interpreted as a Complaint. See d/e 1. In this document, Plaintiff states that from August 2009 until August 2010, she believed she was discriminated against by the State Retirement

System of Illinois. Plaintiff states she was employed by the Illinois Lottery for more than 20 years and met all the qualifications for receiving disability benefits as a state employee. According to Plaintiff, after receiving a check for approximately $2,000, she was "cut off from receiving any further payments" even though her health issues were ongoing. Plaintiff also details her medical conditions.

Attached to the Complaint are numerous documents, including the Charge of Discrimination filed by Plaintiff on June 28, 2010 asserting that the State Retirement System of Illinois discriminated and retaliated against Plaintiff on the basis of sex, age, and disability. In the charge, Plaintiff named the State Retirement System of Illinois as the respondent. Plaintiff asserted that she began employment with the State Retirement System of Illinois in January 1986 and that during her employment, she had been subjected to, among other things, intimidation and denial of disability benefits. Plaintiff received a Right to Sue letter on August 11, 2011.

Plaintiff also attached the Recommendation of the Executive

Committee of the State Employees' Retirement System of Illinois which recommended that Plaintiff's appeal be denied. The Recommendation indicated that Plaintiff was employed by the Department of Revenue and had applied for disability benefits. The Committee found that Plaintiff had "not substantiated a disabling condition so as to warrant the payment of non-occupational disability benefit at any time after September 28, 2009."

On September 29, 2011, Plaintiff filed a letter which she identified as an Amended Complaint. See d/e 6. In the Amended Complaint, Plaintiff alleged that while employed by the State of Illinois, "benefits for disability were wrongfully withheld." Plaintiff further alleged that the actions of the State Retirement System of Illinois contributed to her decision to resign from her employment with the Illinois Lottery. Plaintiff demanded six million dollars from the State Retirement System of Illinois, plus court costs.

The State Retirement System of Illinois filed the Motion at issue herein asserting (1) this Court should enter judgment on the pleadings on

the grounds that Plaintiff did not file her Charge of Discrimination against her employer and, therefore, has not exhausted her administrative remedies; and (2) Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has pleaded (a) "no facts which suggest a violation of federal law against her employer" or (b) facts indicating that the decision of the State Retirement System of Illinois constituted discrimination or retaliation against Plaintiff.  Plaintiff has not filed a response to the Motion.  Therefore, it is presumed Plaintiff has no opposition to the motion.  See Local Rule 7.1(B)(2).

This Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  Therefore, this Court will not address the State Retirement System of Illinois' exhaustion argument.

## II.  LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir.2007). While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555. Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009) (citing Twombly, 550 U.S. at 544-55). "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo,

526 F.3d at 1081).

## III. ANALYSIS

Plaintiff's Complaint, Amended Complaint, and the documents attached thereto suggest Plaintiff is bringing a claim against the State Retirement System of Illinois for violations of the Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 621 et seq.), the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.), and Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.). "The ADEA, the ADA, and Title VII all require as a prerequisite to suit that a plaintiff at one time be employed by the defendant." Ratcliffe v. City of Chicago, 2001 WL 649480, at *2 (N.D. Ill. 2001) (finding the plaintiff had no cognizable employment claim against the defendant because the plaintiff was never employed by the defendant).

Although Plaintiff's Charge of Discrimination listed the State Retirement System of Illinois as the respondent and asserted that Plaintiff was employed by the respondent, Plaintiff's Complaint alleges Plaintiff was employed by the Illinois Lottery, her Amended Complaint

alleges she was employed by the State of Illinois, and all the other attached documents that reference Plaintiff's employment indicate Plaintiff was employed by the Illinois Department of Revenue. See, e.g., the Recommendation identifying Plaintiff employer as Department of Revenue, the Medical Consultant Documents identifying Plaintiff's employer as the Department of Revenue, and a Request for Leave document identifying Plaintiff's employer as the Department of Revenue.

Where the exhibits conflict with the allegations of the complaint, the exhibits generally control. Massey v. Merrill Lynch & Co., Inc., 464 F.3d 642, 645 (7th Cir. 2006). However, the Court must consider the purpose, source, and reliability of the exhibits when applying this general rule. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454-55 (7th Cir. 1998).

Here, one of the exhibits–the Charge of Discrimination purportedly drafted by Plaintiff–contradicts the rest of the exhibits and the allegations in the Complaint and Amended Complaint. Considering the purpose, source, and reliability of the exhibits, this Court accepts the allegations in

the Complaint and Amended Complaint that Plaintiff's employer was either the Illinois Department of Revenue, the State Lottery and/or the State of Illinois but not the State Retirement System of Illinois. Because the pleadings and documents attached thereto indicate that the State Retirement System of Illinois was not Plaintiff's employer, and because Plaintiff has not opposed the Motion, this Court finds that Plaintiff has failed to state a claim under the ADEA, ADA, or Title VII.  See, e.g. Mounts v. United Parcel Service of America, Inc., 2009 WL 2778004, at *5 (N.D. Ill. 2009) ("[a] plaintiff states a claim for employment discrimination when he alleges that an employer took a specific adverse action against him because of a prohibited animus").  Therefore, the Complaint and Amended Complaint are dismissed, but without prejudice.

## IV.  CONCLUSION

For the reasons stated, the State Retirement Defendant's Motion (d/e 12) is GRANTED.  The Complaint and Amended Complaint are DISMISSED without prejudice.

ENTER: March 29, 2012

FOR THE COURT:

s/ Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATE DISTRICT JUDGE